## Campbell v. Campbell

*William H. Conca,* for plaintiff.

FULLAM, J., June 16, 1961.—We cannot approve the master's report or sign a final decree in this divorce case, because of defects in the complaint and in the attempted service of process by publication.

Pa. R. C. P. 1126(3) requires that the complaint shall set forth "the citizenship, last known residence and present whereabouts of the defendant or that the plaintiff has no knowledge thereof." Under this rule, every divorce complaint must contain averments as to the citizenship and last known residence of defendant and must also contain averments as to the present whereabouts of defendant, unless the plaintiff has no knowledge thereof.

In the present case, the complaint does not mention defendant's citizenship and is, therefore, defective, though amendable: Oyler v. Oyler, 69 D. & C. 44, 46 (1949). As to defendant's residence and present whereabouts, the complaint sets forth only:

"3. The said plaintiff avers that she does not have any information or knowledge as to the present whereabouts of the said defendant, having made every effort and search to ascertain the same."

It should perhaps be noted that, notwithstanding this averment, the master apparently had very little difficulty in ascertaining the exact whereabouts of this defendant on the basis of information supplied by plaintiff's counsel. But be that as it may, the averment in question does not set forth the last known residence of defendant. This is by no means a trivial defect,

since Pa. R. C. P. 1124(*b*) provides, inter alia, ". . . If service is made by publication, the sheriff shall send a notice of the pendency of the action by registered mail to his last known residence *set forth in the complaint.*" (Italics supplied).

It is readily apparent, therefore, that valid service by publication could not be effected under rule 1124, in the absence of an averment in the complaint as to defendant's last known residence.

There being no effective service of process in this case, the fact that defendant may have received actual notice of a continued master's hearing, even if established, would not be sufficient to confer jurisdiction. On the other hand, since it is possible that defendant did get actual notice of the action and that defendant has no desire to contest, it may not prove necessary to hold further hearings in the matter.

## *Order*

And now, June 16, 1961, for the reasons set forth in the foregoing memorandum opinion, it is hereby ordered and decreed as follows:

1. Leave is granted to plaintiff to file an amended complaint in compliance with the rules of civil procedure, within 30 days from and after this date;

2. Service of such amended complaint shall be effected according to law;

3. If, within 20 days after service of such amended complaint upon defendant, no answer or appearance has been filed, plaintiff shall be at liberty to move for the entry of a final decree of divorce, in accordance with the recommendation of the master on the present record. If an answer or appearance shall be filed on behalf of defendant within said 20 day period, the record shall be referred back to the master for further proceedings.